1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JACK HENDERSON,

                    Plaintiff,

    v.

DAVID FROBES, *et al*.,

                    Defendants.

Case No. 3:21-cv-00020-MMD-WGC

ORDER

This action began with an application to proceed *in forma pauperis* and a *pro se* civil rights complaint filed by Plaintiff Jack Henderson. (ECF No. 1-1, 6.) On August 20, 2021, the Court issued an order dismissing Henderson's complaint with leave to amend and directed Henderson to file an amended complaint within 30 days. (ECF No. 7.) The thirty-day period has now expired, and Henderson has not filed an amended complaint or otherwise responded to the Court's order.

Henderson's application to proceed *in forma pauperis* is granted. (ECF No. 6.) Based on the information Henderson provided regarding his financial status, the Court finds that Henderson is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Henderson will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint);

*Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring the disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Henderson to file an amended complaint within thirty days expressly stated: "It is further ordered that, if Henderson fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim." (ECF No. 7 at 8.) Thus, Henderson had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within 30 days.

1    It is therefore ordered that  Henderson's application to proceed *in forma pauperis*

2    (ECF No. 6) is granted. Henderson is not required to pay an initial installment of the filing

3    fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant

4    to 28 U.S.C. § 1915(b)(2).

5    It is further ordered that the movant herein is permitted to maintain this action to

6    conclusion without the necessity of prepayment of any additional fees or costs or the

7    giving of security therefor.

8    It is further ordered that Pursuant to 28 U.S.C. § 1915, as amended by the Prison

9    Litigation Reform Act, the Nevada Department of Corrections will forward payments from

10   the account of *Jack Henderson, # 60713* to the Clerk of the United States District Court,

11   District of Nevada, 20% of the preceding month's deposits (in months that the account

12   exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of

13   the Court will send a copy of this order to the Finance Division of the Clerk's Office. The

14   Clerk will send a copy of this order to the attention of Chief of Inmate Services for the

15   Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

16   It is further ordered that this action is dismissed with prejudice based on

17   Henderson's failure to file an amended complaint in compliance with this Court's August

18   20, 2021, order.

19   The Clerk of Court is directed to enter judgment accordingly and close this case.

20   DATED THIS 28th Day of September 2021.

21

22

23   _____
     MIRANDA M. DU

24   CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28

3